## Borough of Marcus Hook v. Board of Assessment

*William A. Burns* and *Edward D. McLaughlin,* for appellants.

*Joseph W. deFuria* and *J. H. Ward Hinkson,* for respondents.

TOAL, J., January 19, 1956.—The Board of Assessment and Revision of Taxes of Delaware County reduced the assessment against the plant of the American Viscose Corporation, in Marcus Hook, from the 1954 assessment of $1,508,066 to the sum of $1,258,000, for the taxable year of 1955. Formal notice of the new assessment was given to the property owner on November 12, 1954. The property owner took no appeal from his new assessment. The borough took an appeal to the court of common pleas on May 31, 1955, and the school district took an appeal to said court on August 26, 1955. Both the borough and the school district based their appeals on the ground that the downward revision in the earlier assessment had not been justified. The board and the property owner jointly moved to strike off these two appeals, on the ground that they had not been filed within the period

allowed by law. A hearing was held before Toal, J., on September 28, 1955, and the matter has since been argued before the court en banc.

The only issue before the court is: Were the appeals filed within the time allowed by law?

Taxation in Pennsylvania is purely a creature of statute. If there is no statute there is no tax. Assessing property is part of the machinery of taxation and is also purely statutory.

The Third Class County Assessment Law of June 26, 1931, P. L. 1379, sec. 9, provides that "any dissatisfied taxable may, within *thirty* days from the *final fixing* of his assessment and valuation, appeal therefrom to the court of common pleas . . .", and, in The General County Assessment Law of May 22, 1933, P. L. 853, sec. 518, it allows an "aggrieved" owner of real estate 60 days for such an appeal. In this case we do not have to decide which of the two statutes controls in counties of the third class.

The record discloses that the final assessment of the property in question for the taxable year 1955 was made on November 12, 1954. The borough and the school board were required to appeal from the assessment within either 30 or 60 days from November 12, 1954. They did not do so and, as the provisions of the statute have been held to be mandatory, the appeals must be dismissed for this reason alone.

Both the school district and the borough complain that neither received any notice of the change in assessment and that, therefore, they should be allowed a reasonable time after learning about it to take an appeal. This court has carefully scrutinized the statutes and can find no requirement that the municipality or the school district receive such a notice. It would seem that there should be a requirement that such a notice be given, as the municipality and the school district are vitally interested parties, but that is a

matter for legislative enactment and not for this court. We therefore make the following

*Order*

And now, January 19, 1956, the above matter having been argued before the court en banc, and after consideration of same, it is hereby ordered, adjudged and decreed as follows:

(1) That the appeal filed by the School District of the Borough of Marcus Hook be and the same is hereby dismissed, and;

(2) That the appeal filed by the Borough of Marcus Hook be and the same is hereby dismissed, and;

(3) Exceptions are granted to the School District of the Borough of Marcus Hook and to the Borough of Marcus Hook for the action taken herein.